### BECKETT and another *v.* SHERIFF HARFORD Co.

*(Circuit Court, D. Maryland.   July 19, 1884.)*

1. JURISDICTION—STATE COURT—FEDERAL COURT—CONFLICT—ARREST OF UNITED STATES MARSHAL BY STATE COURT PROCESS.
    A state court has no jurisdiction to interfere with a marshal of the United States in his execution of the process of a United States court.

2. SAME—PROPER COURSE TO BE PURSUED.
    If, under a writ of replevin, the marshal, by virtue of the writ, seizes property supposed to be that of the defendant, which, in reality, is the property of another, it is not within the jurisdiction of the state court to arrest him for executing the process of the United States court, but the real owner must come into the United States court and by an ancillary process have his claim to the property determined against the plaintiff in the suit, in whose behalf the process of the court has been awarded.

3. SAME—COURT OF THE REMEDY.
    The parties are to seek their remedy in the court whose officer is alleged to have offended, but he cannot be arrested by any other court of concurrent jurisdiction.

4. SAME—SEIZURE OF PROPERTY HELD UNDER PROCESS OF STATE COURT.
    A court of the United States has not jurisdiction to take into its possession property which has been seized and taken into the possession of a state court by any process of that court.

In the Matter of *Habeas Corpus.*

*Blackiston & Blackiston,* for petitioners.

*Henry W. Archer* and *Archibald Stirling, Jr.,* for the sheriff of Harford county.

BOND, J. On the fifteenth of July last J. O. Beckett and George Peacock filed their petition in this court asking to be relieved from imprisonment in the jail of Harford county, Maryland, where they allege they are illegally confined by order of the circuit court of that county. They allege in their petition that at the time of their arrest they were engaged in executing a writ of replevin issued out of this court at the suit of H. K. & F. B. Thurber & Co., commanding the marshal of the United States, of whom they were deputies, to replevy and deliver to the plaintiffs 3,000 cans of tomatoes mentioned in the writ of replevin, and that they are now held in custody for performing their duty in pursuance of that writ.

The sheriff of Harford county makes return to the writ of *habeas corpus*, in which he traverses no fact set out by the petition for *habeas corpus*, but justifies his holding of the petitioners by virtue of a writ of attachment issued out of the chancery side of the court of Harford county, commanding him so to arrest and hold them for the disobedience of a writ of injunction of that court.

It is clear, from the authorities hereafter cited, that a state court has no jurisdiction to interfere with a marshal of the United States in his execution of the process of a United States court. If, under a writ of replevin, as in this case, the marshal, by virtue of the writ, seizes property supposed to be that of the defendant, which in reality is the property of another, it is not within the jurisdiction of the state court to arrest him for executing the process of the United States court, but the real owner must come into the United States court and, by an ancillary process, have his claim to the property determined against the plaintiff in the suit, in whose behalf the process of the court has been awarded. It is equally clear that no court of the United States has the jurisdiction to take into its possession property which has been seized and taken into the possession of a state court by any process of that court. The comity of the courts forbids any such interference between the one and the other; but should the case arise, as it might do by inadvertence and the want of knowledge of the facts on the part of either court, it would not give the one court or the other the power to arrest and imprison the officer for obeying the writ. The parties are to seek their remedy in the court whose officer is alleged to have offended, but he cannot be arrested by any other court of concurrent jurisdiction. He would be placed in the singular position,—in contempt of one court for obeying a writ, and of another for not obeying it. In this case, moreover, the property seized under the writ of replevin was not in the custody of the state court.

It is alleged in the return of the sheriff that a certain Thomas J. Oliver was indebted to certain parties in the sum of $638, and that, being so indebted, he, on the twenty-fifth of April, 1884, made a deed of all his property, of every description, to Harlan & Webster, for the benefit of creditors. There is in the deed no nomination of the

canned tomatoes seized by virtue of the writ of replevin, and the claimant appears for the specific goods under a bill of sale from Oliver dated January 24, 1884, which, being duly recorded, is now admitted to have been really a mortgage, and not an absolute sale. The grantor remained in possession. The parties in the replevin claimed under a warehouse receipt for the canned goods, and, upon that warehouse receipt, claimed in replevin their right to possession. Under a statute of Maryland the trustees in the trust deed asked the circuit court of Harford county to assist them in the administration of the trust. The court passed no order in pursuance of this request. The parties defendant therein had not been served with process. No order to take possession of the canned tomatoes named in the writ of replevin is shown, and not till after a large quantity of the goods had been delivered to the plaintiffs in replevin, and all of them had been seized under that writ, was the circuit court of Harford asked to enjoin the marshal from removing them in obedience to that writ. The fact is, the property claimed in the replevin was in the custody of this court, and not in that of the circuit court of Harford county, when the injunction and writ of attachment issued, as appears from the evidence in this court now offered. While I think it was not necessary, yet I have thought proper to show, out of the respect which I entertain for the learned court of Harford, that the marshal of the United States was not, in point of fact, taking possession of property in the custody of that court, but only of property claimed by one under a deed of trust, and by another under a bill of sale, now admitted to be a mortgage, while the plaintiff in replevin claimed it under a warehouse receipt. But even if the marshal had seized and replevied goods in the custody of that court by virtue of a writ out of the circuit court of the United States, he was not liable to arrest and imprisonment for so doing. The parties had their remedy against his own bond, or against the replevin bond, or by any proceeding they chose to take in this court. That the state court did not take possession of Oliver's property by reason of the application of the trustees in the deed of trust for assistance to administer it, I rely on *Lanahan* v. *Nat. Bank of New York*, 60 Md. 477; and for the want of jurisdiction to arrest or imprison the marshal for executing a writ of this court by any other court, I rely upon the case of *Covell* v. *Heyman*, 111 U. S. 176, S. C. 4 Sup. Ct. Rep. 355, and the authorities therein cited.

The deputy marshals must be and are hereby discharged from custody.